## CIRCUIT COURT OF THE CITY OF NORFOLK

Vanessa Robison

v.

Trilambda, Inc.,
t/a Duff's Famous Smorgasbord

June 30, 1987

Case No. (Law) L-86-2729

By JUDGE JOHN W. WINSTON

Before trial (scheduled for July 8, 1987), Defendant seeks the entry of summary judgment in its favor. It alleges that Plaintiff was guilty of contributory negligence and of assumption of the risk as a matter of law.

By agreement the parties have submitted Plaintiff's deposition testimony taken on May 27, 1987, as the foundation for this ruling. *See* Rule 4:7(a)(4).

This is a slip and fall case which originated with Plaintiff customer's fall on the uncarpeted portion of the floor inside of the restaurant operated by Defendant. The part of the floor where she skidded and fell was without any buildup of wax (page 28) or any foreign substance/water (pages 28 and 29). That floor was consistently slick (page 14), always slick (page 16), waxed tile (page 26), extremely shiny (pages 26 and 28), very beautiful, shiny, shiny floor (page 27), very shiny slippery floor (page 31). She did not trip on anything (page 25). The fall was described as a slow motion thing, her right foot went and she skidded because of the floor (page 25), her foot twisting all the way around backwards, and she went down (page 26), in slow motion (page 44).

Plaintiff had visited Defendant's restaurant probably once every two or three weeks, maybe once a month for

about a year before she fell (pages 12 and 13). As already stated, the floors had been consistently slick the entire time (page 14). No change in their condition was noted before her accident (pages 15 and 16). She had slipped/skidded on them once or twice before but had never fallen until the accident (page 16). On those occasions, she had successfully caught hold of the person next to her and this kept her from falling (page 32). On the occasion of the accident, she was walking slow because she already knew that the floor was slippery. But though she was with other people as she walked, she did not seek their assistance before she skidded (page 44 and 45).

Her reason given for continuing to go back to the restaurant and walk on its floors was because she liked the food (page 32).

Contrary to the factual situation in *Charles v. Commonwealth Motors*, 195 Va. 576, 580-581 (1954), the long-standing slick condition of Defendant's tile floor was both open and obvious to Plaintiff as all as already well known to Plaintiff who had skidded her foot on it on earlier occasions but had been saved by others from falling. That she came back to the restaurant at all constituted a voluntary exposure to a danger well known to her. And by so exposing herself to injury without taking appropriate precautions for her own safety on the premises (such as wearing different shoes and holding on to other people who could support her two hundred and thirty/thirty-five pound body [page 44] as she walked), she contributed to her own accident.

Because reasonable minds could not differ in regard to these facts and the reasonable inferences to be drawn therefrom, this Court holds that Plaintiff is precluded from recovering damages from Defendant both because she assumed the risk of injury and because she was contributorily negligent as a matter of law.